UNITED STATES BANKRUPTCY COURT
EASTER DISTRICT OF VIRGINIA
Richmond Division

In re: JOHN A. GOODLOE, JR.                                Case No. 04-33922-DOT
      Chapter 7 Debtor

MEMORANDUM OPINION

This case came before the court on the motion of debtor for an order releasing a judgment lien against real property of the debtor. For reasons stated below, the court finds that the judgment does not encumber the property as a matter of law and will order the judgment released.

Findings of Fact

The facts of this case are simple. Louise S.Bell obtained a judgment in the amount of $79,117,91 against debtor and docketed that judgment in the Circuit Court of Middlesex County, Virginia, on December 16, 2003. Debtor filed his voluntary petition under chapter 7 of the Bankruptcy Code on April 20, 2004.

In his schedules, debtor listed an ownership interest in real property held with his wife as tenants by the entirety and located in Middlesex County, Virginia. That real property was encumbered by a joint first mortgage in the scheduled amount of $100,000.00. In addition, debtor claimed the remaining $100,000.00 of equity in the marital home as exempt under § 522(b)(2)(B) of the Bankruptcy Code, which provides that a debtor may exempt:

> any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

11 U.S.C. § 522(b)(2)(B).

1

The chapter 7 trustee filed a report of no distribution in the case on June 29, 2004, certifying that there were no assets to administer for the benefit of creditors. Neither the trustee nor any creditor objected to debtor's claimed exemption in the marital property. Debtor received a discharge on August 9, 2004. On August 2, 2004, Bell initiated an adversary proceeding in the case to determine the dischargeability of the debt owed her by debtor, but she later withdrew that adversary proceeding voluntarily. The Chapter 7 case was closed on February 17, 2005.

On May 30, 2005, debtor filed a motion requesting the court to order the release of Bell's judgment lien against the exempted real property, and on June 1, 2005, debtor moved that the case be reopened. The court granted the motion to reopen on June 21, 2005. Debtor refiled his motion for release of the judgment lien on August 17, 2005. Additionally, on September 1, 2005, debtor filed a motion to avoid Bell's lien pursuant to § 522(b)(2) because it impaired debtor's exemptions. Hearing was held on October 19, 2005, at which time the court took the matter under advisement.[1]

### Conclusions of law

The parties are in agreement that the judicial lien cannot attach to the marital property at issue in this case because the property is owned by debtor along with his wife as tenants by the entirety, and it is settled law in the Fourth Circuit that property held by spouses as tenants by the entirety is exempt from individual or nonjoint creditors. Williams v. Payton (In re Williams), 104 F.3d 688 (4th Cir. 1997). Debtor also argues that the judicial lien cannot attach to the marital property because it impairs the exemption to which he is entitled under Virginia and applicable bankruptcy law.

---

[1] Although the October 19, 2005, hearing was docketed only as a hearing on the September 1, 2005, motion, this memorandum opinion resolves both that motion and the motion filed on August 17, 2005.

2

The court agrees with debtor that the judicial lien cannot attach to the property under applicable bankruptcy and nonbankruptcy law. That is precisely the situation addressed by the Fourth Circuit in <u>Williams</u>. In that case, debtor had both joint debts with her nondebtor husband as well as individual debts. She also owned real property with her husband as tenants by the entirety, and she objected when the chapter 7 trustee in her case attempted to sell the realty to satisfy the claims of both her individual and joint creditors. The Fourth Circuit held that the interest in the real estate was not exempt from the claims of joint creditors under Virginia law:

> Section 522(b)(2)(B) provides that a debtor may exempt from the bankruptcy estate 'any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety." 11 U.S.C. § 522(b)(2)(B). However, such exemption may be taken only "to the extent that such interest as a tenant by the entirety…is exempt from process under applicable nonbankruptcy law." Id. Virginia law, which is the "applicable nonbankruptcy law" in this case, provides that property held by spouses as tenants by the entirety is exempt from individual (i.e. non-joint) creditors, <u>but is not exempt from the claims of joint creditors</u>.

104 F.3d 688, 689-90, citing <u>Vasilion v. Vasilion</u>, 66 S.E.2d 599, 602 (Va. 1951) and <u>Hausman v. Hausman</u>, 358 S.E.2d 710, 711 (Va. 1987). Therefore, the trustee was able to administer the real estate solely for the benefit of her joint creditors.

In this case, the trustee filed a notice of no distribution, certifying that there was no equity available for creditors in any of debtor's assets. Debtor subsequently received a discharge, the effect of which was to discharge her "from all debts that arose before the date of the order for relief" under chapter 7. 11 U.S.C. § 727(b). Bell argues that the judgment lien should remain on the Middlesex County judgment lien records, presumably because her judgment lien would attach to the debtor's interest in the entireties property in the future if debtor is divorced or if his spouse should die. Although this is the effect of such a judgment ordinarily, the court finds that this possibility is

3

outweighed by one of the basic tenets of the bankruptcy code, debtor's entitlement to a fresh start. The continued existence of the judgment might constitute a cloud on the Goodloes' title, and it would constitute a cloud on the title of property debtor acquires in the future. The underlying debt has been discharged, and Bell can have no further claim against debtor or any of his property. A separate order will be entered.

Signed: _____

      /s/ Douglas O. Tice Jr.
DOUGLAS O. TICE JR.
Chief Judge
United States Bankruptcy Court

Copy to:

Christopher T. McGee, Esq.
WallacePledger, PLLC
7100 Forest Avenue, Suite 302
Richmond, Virginia 23226

Dale V. Berning, Esq.
522 S. Independence Blvd., Suite 104
Virginia Beach, Virginia 23452

Keith L. Phillips, Trustee
311 South Boulevard
Richmond, Virginia  23220